Zheng v. Lynch

BIA
Hom, IJ
A200 733 708

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION  SUMMARY ORDER ).  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand sixteen.

PRESENT:
>    JON O. NEWMAN,
>    RALPH K. WINTER,
>    ROSEMARY S. POOLER,
>       *Circuit Judges*.

_____

DONGMEI ZHENG,
>    *Petitioner*,

>    v.                                          13-4897
>                                                NAC

LORETTA E. LYNCH[1], UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, New
                         York.

---

[1] Loretta E. Lynch is automatically substituted as the respondent in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**FOR RESPONDENT:**          Joyce R. Branda, Acting
                            Assistant Attorney General;
                            Anthony W. Norwood, Senior
                            Litigation Counsel; Richard
                            Zanfardino, Trial Attorney,
                            Office of Immigration
                            Litigation, United States
                            Department of Justice,
                            Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Dongmei Zheng, a native and citizen of the People's Republic of China, seeks review of a December 4, 2013, decision of the BIA, affirming the December 8, 2011, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dongmei Zheng*, No. A200 733 708 (B.I.A. Dec. 4, 2013), *aff'g* No. A200 733 708 (Immig. Ct. N.Y. City Dec. 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's decision to pretermit Zheng's

2

application as untimely. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ erred in finding that Zheng's detention and beating did not amount to past persecution. While the Immigration and Nationality Act does not provide a definition of persecution, the BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (B.I.A. 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Past persecution can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe to rise above "mere harassment," *Ivanishvili*, 433 F.3d at 341. The difference

3

between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili*, 433 F.3d at 341.

The IJ found Zheng's detention and beatings by police insufficient to constitute past persecution because she did not seek professional medical treatment and because she did not fully describe her injuries in her asylum application. We have held that "a 'minor beating' or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic*, 467 F.3d at 226. Credible evidence of physical abuse at the hands of government agents may preclude a finding that the applicant's mistreatment is mere harassment. *Ivanishvili*, 433 F.3d at 342. We have never held that the beating of a detained applicant on the basis of a protected ground does not constitute persecution simply because the applicant does not seek professional medical treatment. Moreover, contrary to the IJ's reasoning, the fact that Zheng failed to describe her injuries in detail in her

4

asylum application does not render her beatings while detained less serious. On remand,

We also find error in the agency's demand for corroborating evidence. While the IJ found that Zheng testified credibly, he nevertheless concluded that she did not submit sufficient corroborating evidence to carry her burden of proof. "While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating h[er] story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii). Before denying a claim because of an applicant's failure to provide corroborating evidence, the agency must (1) explain what evidence the applicant should have submitted; (2) establish that the evidence is reasonably available; (3) allow the applicant an opportunity to explain the omission and (4) assess any explanation given. 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009). We remand for the IJ to do so here.

The IJ discounted letters from Zheng's father and aunt because they were unsworn, and contained no indicia of reliability. There was no error in this decision. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). However, the IJ also found that Zheng should have submitted other evidence to corroborate her arrest and detention, but did not specify what evidence Zheng should have submitted. This was error, as the IJ is required to specify the evidence the applicant should have submitted and show that it was reasonably available. 8 U.S.C. § 1158(b)(1)(B)(ii); *Chuilu Lu*, 575 F.3d at 197-98.

It is unclear both what type of evidence the agency thought Zheng needed to submit and which portions of the claim the evidence should have corroborated. Insofar as the agency wanted Zheng to obtain evidence of her mistreatment from sources other than her family, the Chinese government appears to be the likeliest source. We have cautioned against requiring applicants to obtain corroborating evidence from their alleged persecutors. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk